*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0251p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 04-6191

DONALD RAY WILLIAMS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 04-20074—Bernice B. Donald, District Judge.

Argued: May 17, 2005

Decided and Filed: June 9, 2005

Before: KENNEDY and COOK, Circuit Judges; VARLAN, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Doris A. Randle-Holt, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Dan L. Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Doris A. Randle-Holt, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Dan L. Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

_____

## OPINION

_____

KENNEDY, Circuit Judge. Defendant Donald Ray Williams appeals from the sentence he received upon his guilty plea to violations of Title 18 U.S.C. § 2252 (specifically § 2252(a)(2) and § 2252(a)(4)(B), which outlaw the knowing receipt or distribution of child pornography and the knowing possession of child pornography, respectively). Because the district court used the incorrect Sentencing Guideline, we remand this case to the district court for resentencing.

---

[*] The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## BACKGROUND

Defendant plead guilty to two violations of Title 18 U.S.C. § 2252 pursuant to a valid plea agreement. Defendant's presentence report indicated that some of the images found in his possession were images of prepubescent children. Additionally, some of the images depicted scenes of rape and/or incest. Defendant's only requested modification to his presentence report was that the court add an affidavit by Defendant indicating his acceptance of responsibility for his crimes. After making Defendant's requested modification, the district court adopted the findings of the presentence report.

At Defendant's sentencing, the district court used U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 2G2.2, (2001) (amended Nov. 2004) which addresses the transmission of child pornography, rather than U.S.S.G. § 2G2.4 (2001) (amended Nov. 2004), which addresses the possession of child pornography, in determining the appropriate Guideline range based on its reading of Sixth Circuit precedent. The district court applied a two level enhancement because some of the images portrayed prepubescent minors pursuant to U.S.S.G. § 2G2.2(b)(1) (2001) (amended Nov. 2004), and a four level enhancement because some of the images portrayed "sadistic or masochistic conduct," pursuant to U.S.S.G. § 2G2.2(b)(3) (2001) (amended Nov. 2004), without objection by Defendant. The district court also enhanced Defendant's sentence by two levels, over Defendant's objection, under U.S.S.G. § 2G2.2(b)(5) (2001) (amended Nov. 2004), for the use of a computer in his offense. *Id.* at 30-32 The district court gave Defendant a three level reduction for acceptance of responsibility.

On appeal, Defendant first objects to the district court's use of the then mandatory Guidelines in sentencing him, citing *Blakely v. Washington*, 124 S.Ct. 2531 (2004) (at the time of his appeal, the Supreme Court had not yet decided *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). Second, Defendant objects to the district court's use of U.S.S.G. § 2G2.2 (2001) (amended Nov. 2004), rather than U.S.S.G. § 2G2.4 (2001) (amended Nov. 2004), because he believes that U.S.S.G. § 2G2.4 is the more appropriate Guideline for his conviction. Finally, Defendant challenges the district court's two level enhancement under U.S.S.G. § 2G2.2(b)(5) (2001) (amended Nov. 2004).

## ANALYSIS

A district court's interpretation of the Sentencing Guidelines is subject to *de novo* review. *United States v. Campbell*, 317 F.3d 597, 604 (6th Cir. 2003). In *U.S. v. Farrelley*, 389 F.3d 649, 657-61 (6th Cir. 2004), this court determined that in cases where a defendant only possesses child pornography, but does not transmit it, district courts must use U.S.S.G. § 2G2.4, rather than U.S.S.G. § 2G2.2. In this case, Defendant possessed rather than transmitted child pornography. Thus, under our ruling in *Farrelley*, the district court applied the wrong Guideline when it sentenced Defendant.

Because Defendant was sentenced under an earlier version of the Guidelines, and because the Guidelines relevant to Defendant's sentence have changed,[1] we must determine which version of the Guidelines the district court should use on remand. The Supreme Court's decision in *Booker* somewhat complicates our inquiry. Although *Booker* excised 18 U.S.C. § 3742(e) in its remedy opinion, it left 18 U.S.C. § 3742(f) and (g) intact. Title 18 U.S.C. § 3742(f) indicates that "[i]f the court of appeals determines that . . . the sentence was imposed in violation of law or imposed as a

---

[1] In the November 2004 version of the Guidelines, the Sentencing Commission deleted U.S.S.G. § 2G2.4 and determined that all people who are convicted of either possessing or transmitting child pornography should be sentenced under U.S.S.G. § 2G2.2. This change makes the portion of *Farrelley* that deals with U.S.S.G. § 2G2.4 moot for future child pornography sentences.

result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings . . . " and 18 U.S.C. § 3742(g) indicates that:

> [a] district court to which a case is remanded [pursuant to § 3742(f)] shall resentence a defendant in accordance with section 3553 . . . except that . . . [i]n determining the range referred to in subsection 3553(a)(4), the court shall apply the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that were in effect on the date of the previous sentencing of the defendant prior to the appeal . . . .

Although Congress plainly wrote this statute under the belief that the Guidelines were mandatory, *see Booker*, 125 S.Ct. at 791, n.6 (2005) (Scalia, J., dissenting), the remedial majority did not excise 18 U.S.C. § 3742(f) or (g), and both remain valid law. We must, therefore, endeavor to apply those sections while taking *Booker* into account. We believe that the most appropriate post-*Booker* understanding of these sections is to require the district court, upon remand, to consult the 2001 version of the Guidelines, the same Guidelines under which the district court originally sentenced Defendant, in calculating Defendant's Guideline range.

Of course, *Booker*, 125 S. Ct. at 764, made the Guidelines advisory. Therefore, the Guideline range that results from the use of U.S.S.G. § 2G2.4 (2001) (amended Nov. 2004) on resentencing is an advisory range. We make no finding at this time as to the reasonableness of a sentence outside (either above or below) the range suggested by the 2001 version of the Guidelines.

*Booker* did not eliminate judicial fact-finding in sentencing in cases where a defendant plead guilty. Instead, it merely gave district courts the option to sentence a defendant differently than the Guidelines would require after calculating the Guideline range. *Id.* at 764, 769. District courts still must consult the Guidelines in determining an appropriate sentence. *Id.* Both U.S.S.G. §§ 2G2.2 (2001) (amended Nov. 2004) and 2G2.4 (2001) (amended Nov. 2004) contain a two level enhancement for images portraying prepubescent children. Defendant's guilty plea and his acceptance of the findings of the presentence report eliminate any concerns over judicial fact-finding with respect to this enhancement. *See United States v. Stafford*, 258 F.3d 465, 475-76 (6th Cir. 2001); *U.S. v. Harris*, No. 04-1589, 2005 WL 894581at *2 (6th Cir. April 19, 2005) (unpublished).

Both Guidelines also include a two level enhancement if a computer is used in the offense. Compare U.S.S.G. § 2G2.2(b)(5) and U.S.S.G. § 2G2.4(b)(3). We, therefore, reject Defendant's argument that the district court improperly enhanced his sentence by two levels for the use of a computer, because although the district court should have applied the enhancement pursuant to U.S.S.G. § 2G2.4 (2001) (amended Nov. 2004), this error was harmless. As the indictment and the presentence report make clear, Defendant indisputably used a computer in the commission of his offenses. The only way that he could view the material was through the use of a computer. Thus, the district court, in calculating the appropriate Guideline range, may still apply these enhancements pursuant to the appropriate Guideline in calculating Defendant's Guideline range.[2] It must then sentence Defendant consistent with the Supreme Court's decision in *Booker* and with this court's precedent interpreting *Booker*.

---

[2]U.S.S.G. § 2G2.2 (2001) (amended Nov. 2004) contains a four level enhancement for images portraying sadistic or masochistic conduct, while U.S.S.G. § 2G2.4 (2001) (amended Nov. 2004) does not include this enhancement. The district court, then, should not apply this enhancement when it calculates Defendant's Guideline range. We note, however, that in 2003, the Sentencing Commission added a four level enhancement for child pornography depicting sadistic or masochistic conduct to U.S.S.G. § 2G2.4. We make no finding as to whether an upward departure from the Guideline range would be permissible or reasonable based on the images possessed by Defendant, given that some of those images depicted scenes of rape and incest as described by the presentence report.

**CONCLUSION**

For the foregoing reasons, we **REMAND** this case for resentencing.