**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0309n.06
Filed: May 3, 2006

**No. 05-1651**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| **CHARLES MARCUS PICKETT,** | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:   **GIBBONS and COOK, Circuit Judges, and SCHWARZER,** [*] **Senior District Judge**

**WILLIAM W SCHWARZER, Senior District Judge.**  Defendant-Appellant Charles Marcus Pickett, charged with being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), appeals the district court's denial of his motion to withdraw a guilty plea and his resulting sentence.  We affirm the district court's ruling  and sentence.  Because the parties are familiar with the facts, we need not recite them.

We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea.  *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998).  "[T]he defendant has the burden of proving the existence of a fair and just reason supporting the withdrawal of his or her guilty plea."

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*Id*. (quotation marks and citation omitted). The district court did not abuse its discretion in holding, under the *Pluta* factors, that Pickett lacked a sufficient reason for withdrawing his plea. First, Pickett cites no case in which a court has granted a withdrawal motion filed fifty-four days or more after the plea. Second, even assuming that Pickett's prior lawyer frustrated his efforts to obtain new counsel, Pickett provides an inadequate explanation as to why it took nearly a month to file the withdrawal motion after securing new counsel. Third, Pickett's withdrawal motion does not assert or maintain his innocence. Fourth, on multiple occasions prior to entering his original plea, Pickett affirmed that he understood his rights, was satisfied with his legal representation, and was entering the plea voluntarily. Finally, the record supports the district court's findings that Pickett is "intelligent and articulate" and "not a stranger to the criminal process."

Pickett's allegations of sentencing error also lack merit. The court did not err by engaging in judicial factfinding to calculate Pickett's Guidelines sentence range. "*Booker* did not eliminate judicial fact-finding in sentencing in cases where a defendant plead [sic] guilty." *United States v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005). The district court did not use judicially-found facts to sentence Pickett beyond the statutorily authorized maximum term. *United States v. Booker*, 543 U.S. 220, 233-34 (2005).

Finally, Pickett does not demonstrate error in the district court's sentencing decision to overcome the rebuttable presumption of reasonableness credited to sentences falling within the Guidelines range. *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006). "[W]e may conclude that a sentence is unreasonable when the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a)." *Id*.

No. 05-1651
*United States of America v. Pickett*

(quotation marks and citation omitted).  Contrary to Pickett's allegations on appeal, the district court considered his suggested mitigating factors but ultimately found them unpersuasive given the specific circumstances of his criminal activity.  The court sufficiently addressed Pickett's § 3553(a) issues and, therefore, the sentence it imposed was reasonable.

For the foregoing reasons, we AFFIRM.