NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0315n.06
Filed: May 4, 2006

No. 05-6137

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| KENNETH CHALMERS, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    SUTTON and McKEAGUE, Circuit Judges; and CALDWELL,* District Judge.

**PER CURIAM.**  Defendant-Appellant Kenneth Chalmers pleaded guilty to knowingly uttering and possessing five counterfeit securities with the intent to deceive while aiding and abetting a co-defendant, in violation of 18 U.S.C. §§ 513(a) and 2.  On appeal, he challenges the sentence he received, namely the district court's decision to increase the length of his confinement due to the specific amount of economic loss he caused.  Upon review of the record, we find no error.

**I.**

Chalmers entered his guilty plea following a written plea agreement filed in the district court for the Western District of Tennessee.  During the hearing on his guilty plea, the Government stated that it was prepared to prove, among other things, that the amount of the counterfeit checks totaled $42,000.  Chalmers conceded that the Government's description of his crime was accurate.

_____

*The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Pursuant to Chalmers's guilty plea, the probation office prepared a presentence investigation report ("PSR"). The PSR calculated his United States Sentencing Guidelines (the "Guidelines") base offense level as six. The PSR suggested the following modifications to that offense level:

a.      a six-point enhancement under § 2B1.1(b)(1)(D) because the amount of loss due to the defendant's crime was more than $30,000 and less than $70,000; and

b.      a two-point reduction under § 3E1.1(a) for the defendant's acceptance of responsibility.

The adjusted offense level equaled ten. With a criminal history category of VI, the Guidelines sentencing range was twenty-four to thirty months imprisonment.

The district court held a sentencing hearing. The Government offered testimony from a secret service agent, who testified that Chalmers gave a written statement admitting to attempting to deposit the counterfeit checks. The agent also testified that the loss resulting from the offense equaled $42,432.01. The court received the written statement into evidence.

Based on the agent's testimony and the written statement, as well as Chalmers's prior admission, the district court found the six-point enhancement to be well supported by the record. After earlier noting that the Guidelines were advisory, the district court then considered the remaining sentencing factors set out under 18 U.S.C. § 3553. The court concluded that the appropriate sentence for Chalmers included twenty-four months of imprisonment.

**II.**

Chalmers claims that the district court violated the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), by engaging in judicial fact-finding during sentencing. He argues that the *Booker* decision precludes district courts from engaging in such fact-finding. Accordingly,

he asks that we reverse the district court on its finding that the economic loss from his crime justified the six-point enhancement under the Guidelines and remand for resentencing.

We decline to do so for two reasons. First, Chalmers admitted to the amount of loss during his guilty-plea hearing. This was sufficient, by itself, to support the enhancement. *Id.* at 276-77 (Stevens, J., concurring in part and dissenting in part) ("When a defendant pleads guilty, the [Government] is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.") (quoting *Blakely v. Washington*, 542 U.S. 296, 310 (2004)). Second, *Booker* permits judicial fact-finding during sentencing under the now-advisory Guidelines sentencing regime. *See id.* at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."); *United States v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005) ("*Booker* did not eliminate judicial fact-finding in sentencing in cases where a defendant plead[s] guilty."). A review of the record shows that there was more than sufficient evidence for the district court to find that the economic loss equaled approximately $42,000.

## III.

For the foregoing reasons, we AFFIRM the district court's sentence in this case.