**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0389n.06
Filed: June 2, 2006

**Nos. 05-5297, 05-5342**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| EMANUEL BUSTOS & JESUS LUGO, | ) | TENNESSEE |
| | ) | |
| Defendants-Appellants. | ) | |

Before: SILER and ROGERS, Circuit Judges; JORDAN, District Judge.[*]

**SILER**, Circuit Judge.   Emanuel Bustos and Jesus Lugo both pled guilty to charges stemming from their involvement in a drug trafficking scheme.  Bustos appeals his sentence, claiming that the judicial fact-finding supporting certain enhancements to his sentence violates the Sixth Amendment.  Lugo argues on appeal that the district court abused its discretion when it refused to allow him to withdraw his guilty plea.  For the following reasons, we affirm.

**BACKGROUND**

Bustos and Lugo were arrested in 2003 as part of a drug sting when police raided the residence of Cerbullo Valdez and found 5 ounces of cocaine, 50 pounds of marijuana, numerous firearms, and seven individuals, including Bustos, Lugo, Valdez, and Jorge Delgado.  Bustos and

---

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Lugo, along with several co-defendants, were indicted on one count of conspiracy to distribute cocaine and marijuana (21 U.S.C. §§ 841(a)(1), 846) and one count of possessing firearms in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)).

After Bustos pled guilty to both counts of the indictment, the district court, over Bustos's Sixth Amendment objections, ultimately sentenced him to 120 months' imprisonment on Count One and 60 months' imprisonment on Count Two, to be served consecutively. Lugo pled guilty to both counts of the superseding information on June 9, 2004. After requesting and being granted substitute appointed counsel, Lugo filed a motion to withdraw his guilty plea on October 25, 2004. The district court denied the motion and sentenced him to a combined 240 months' imprisonment on both counts.

## DISCUSSION

### A. Emanuel Bustos

On appeal, Bustos challenges the following findings by the district court: (1) that he was responsible for 119.07 kilograms of marijuana (this total includes the cocaine, *see* USSG § 2D1.1 Drug Equivalency Tables); and (2) that he had obstructed justice by physically assaulting Delgado in prison in order to intimidate him and prevent him from cooperating with authorities. The finding of the specific drug quantity resulted in an increase in Bustos's base offense level, from 12 to 26, under USSG § 2D1.1(c)(7) and the finding of obstruction of justice under USSG § 3C1.1 resulted in both a two-point enhancement to Bustos's sentence along with rendering him ineligible for a two-point reduction for acceptance of responsibility. Bustos claims that these factual findings by the

district court violated the principles set out in *United States v. Booker*, 543 U.S. 220 (2005), since they were neither found by a jury nor admitted by him.

Despite Bustos's claims of judicial fact-finding, the Supreme Court stated in *Booker* that the Sixth Amendment would not be implicated where the Guidelines were merely advisory. 543 U.S. at 233. As the Court stated, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.* Moreover, this court has repeatedly noted that "*Booker* did not eliminate judicial fact-finding in sentencing in cases where a defendant plead[s] guilty." *United States v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005). In this case, the district court clearly recognized that the Guidelines were only advisory. Bustos acknowledged in both his petition to enter a plea of guilty and his plea hearing that under 21 U.S.C. § 841(b)(1)(C) the statutory maximum for the charge under Count One was up to 30 years in prison. Based upon *Booker*, any judicial fact-finding within that legislatively-mandated range does not implicate the Sixth Amendment. *See* 543 U.S. at 233.

Turning to Bustos's sentence, *Booker* set out a framework of reasonableness review. 543 U.S. at 261. An appellate court "may conclude that a sentence is unreasonable when the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006) (citations omitted). Here, the district court sentenced Bustos to 120 months' imprisonment on Count One and 60 months' imprisonment on Count Two, to run consecutively. The 120 months

for Count One was within the Guidelines range of 97-121 months and the 60 months for Count Two was the mandatory minimum for that charge. Since the sentence is within the properly calculated Guidelines range, it is credited with a rebuttable presumption of reasonableness. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). The district court in this case stated that it had considered the relevant § 3553(a) factors, although, as in *Williams*, this consideration is not evidenced explicitly. In any event, Bustos "fails to point to any indication that the district court ignored those factors" and "identifies no factor from § 3553(a) that would render his sentence unreasonable." *Id.* Moreover, the district court expressly stated why it chose a sentence at the upper end of the Guidelines range on Count One – that the court was concerned about Bustos's assault on a co-defendant in an attempt to intimidate. In the end, "the district court articulated its reasoning sufficiently to permit reasonable appellate review." *Id.* at 709. There is nothing to suggest the sentence was unreasonable.

**B. Jesus Lugo**

Lugo's sole argument on appeal is that the district court erred by denying his motion to withdraw his guilty plea. After a full hearing on the issue, the district court stated that it was denying the motion because it did not "meet any of the criteria" for withdrawal and was "without merit, and, frankly, [just] frivolous." Federal Rule of Criminal Procedure 11(d)(2) provides: "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . .. the defendant can show a fair and just reason for requesting the withdrawal." "This Court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Durham*, 178 F.3d 796, 798 (6th Cir. 1999) (citation omitted).

In deciding whether the defendant has proffered "a fair and just reason" for withdrawal, the district court may consider the following factors, among others:

> (1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (citations omitted). In denying the motion to withdraw, the district court reasoned that: (1) Lugo had repeatedly admitted his guilt; (2) 137 days passed between entry of the guilty plea and the first motion to withdraw, "a lengthy period of time"; (3) Lugo presented no persuasive reason to grant withdrawal; (4) Lugo had been repeatedly informed at the plea hearing of the 20-year mandatory minimum for his crime, given adequate time to consider the consequences of a guilty plea, and knowingly and voluntarily pled guilty; and (5) there may be some prejudice to the government (although the district court noted that this factor "was not outcome determinative on its own").

In his brief to this court, Lugo argues that: (1) the time span between the plea and the motion to withdraw was not all that long given that, during the interim, Lugo had moved for and was granted substitute appointed counsel; (2) although he is not asserting innocence, his sentence should be in line with the sentences of his co-defendants given the fundamental fairness and due process guaranteed by the Fifth Amendment; (3) "he did not fully understand the terms of his plea agreement, thinking the plea was to 17 years, not 20"; (4) the United States will not be prejudiced

in this case; and (5) due to his low education level and lack of contact with the federal criminal justice system, he had little "insight" into this case.

The record belies many of Lugo's claims, however. First, even considering the substitution in appointed counsel, 54 days passed between substituted counsel's appointment to the case and the filing of the motion of withdrawal. Lugo fails to provide any explanation at all for this 54-day delay. *See United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (describing a 55-day delay as "lengthy"). Second, Lugo has made absolutely no claim of innocence and in fact repeatedly asserted his guilt. Third, Lugo's claims that he did not fully understand the terms of his plea agreement are contradicted by the record. A translator was present at the plea hearing, the plea agreement was provided in Spanish and English, and Lugo affirmed that he understood the agreement, understood the nature of the proceedings, and knew what he was doing. These facts alone counter his contention that, due to his lack of education and exposure to the federal system, he failed to understand what was happening. Lastly, the issue of prejudice appears not to have been an issue in this case. There is little evidence presented about any prejudice the government may have encountered and the district court appeared to put little weight on this fact.

In the end, Lugo has put forward no "fair and just reason" for the withdrawal of his guilty plea. He appears only to claim that, by the terms of his plea agreement, he received a harsher sentence than he should have. Because of this, the district court did not abuse its discretion in denying Lugo's motion for withdrawal of his plea.

AFFIRMED.