**File Name: 06a0437n.06**
**Filed: June 27, 2006NOT RECOMMENDED FOR**
**FULL-TEXT PUBLICATION**

No: 05-1988

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff - Appellee*

                                   On Appeal from the United States District
                                   Court for the Eastern District of Michigan

        v.

DALE HAWORTH,
    *Defendant - Appellant*

_____/

**BEFORE: KENNEDY, COLE, Circuit Judges; and VARLAN, District Judge.**[*]

**KENNEDY, Circuit Judge**. Defendant Dale Haworth appeals his sentence following a guilty plea to both transportation and shipment of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant Haworth contends that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 261 (2005). For the following reasons, we **AFFIRM**.

**BACKGROUND**

---

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

On March 23, 2005, Defendant Dale Haworth ("Haworth" or "Defendant") pled guilty to transportation and shipment of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The underlying facts were set forth in the Presentence Report ("PSR"), to which neither party objected:

> On January 27, 2001, a company based in California, named "shutterfly.com", which develops digital pictures into hard copies, received four orders on their web site from e-mail account, "ehaworth@cancentric.net". When a representative from "shutterfly.com" received the order, they found that two of the four orders contained child pornography. The e-mail account belonged to DALE HAYWORTH[1], who resided in Newport, Michigan. "Shutterfly.com" notified the FBI in California that they had received a request to develop pornographic pictures of children. After opening an investigation, the FBI located at the San Francisco, California Division contacted the FBI in Detroit, Michigan regarding the case.
>
> On April 11, 2001, after reviewing the material provided by the FBI in San Francisco, California, FBI agents in Detroit, Michigan and officers from the Monroe County Sheriff's Department executed a federal search warrant at 1851 Magnolia, Newport, Michigan. The defendant's Dell Dimension XTS T450 Tower computer was seized along with his printer, nine white binders of "snuff stories" and stories of women being "spit roasted," pornographic pictures, calendars, a diary, a photo album, miscellaneous papers and notes, one roll of undeveloped film, 449 3.5" diskettes and 3 CD-Roms.
>
> Analysis of the first 269 disks located over 700 images of child pornography and erotica, involving prepubescent minors under the age of 12. The images included bestiality, bondage, urination, as well as cartoon-type images depicting spanking. The adult images located included bondage, torture, urination, females with speculum's, as well as females displaying used tampons/pads. There are also cartoon-type images of females being spitted and barbequed. The text that was recovered included stories pertaining to transgenderism, incest, impregnation, rape, torture, mutilation, dismemberment, snuff, and necrophilia. There were also sexual torture stories relating to females being spitted, barbequed, and then eaten. It was also found that HAYWORTH had a membership with Excite, which is a pornographic web site, under the e-mail account LisaMarie42@excite.com. The

---

[1]Throughout the PSR the defendant's name is incorrectly spelled as "Hayworth". The correct spelling of defendant's name is "Haworth,"and that spelling is used throughout this opinion.

majority of the more graphic-type stories were written by a Lisa Michelle Wiggins with an e-mail address of [Lisamichelle42@excite.com.](Lisamichelle42@excite.com.) It is believed that HAYWORTH uses both pen names and may be the author of these stories.

On July 6, 2005, the district court held a sentencing hearing. At the sentencing hearing Haworth argued he should be treated as an "end user" rather than as a distributor of child pornography. He objected to the Presentence Report insofar as he was sentenced under Guideline Section 2G2.2, receiving pictures involving the sexual exploitation of a minor, rather than Section 2G2.4, possession of materials depicting such sexual exploitation. The district court denied this objection. The court did apply what its considered the "most advantageous" guidelines manual, the 2000 version rather than the 2004. JA at 25.

The advisory guideline range was 41-51 months. Haworth argued that the court should sentence him so that he received no period of incarceration. The district court disagreed and sentenced Haworth at the bottom of the advisory guideline range, to concurrent terms of 41 months' imprisonment. This timely appeal followed.

## ANALYSIS

In *United States v. Booker* the Supreme Court rendered the Sentencing Guidelines advisory for all criminal cases. The Court explained that "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." *United States v. Booker*, 543 U.S. 220, 261 (2005). *Booker* requires that the sentence imposed by the district court be reasonable. *Booker*, 543 U.S. at 224; *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). Haworth contends that his sentence is unreasonable under *Booker*.

Haworth first argues the district court placed excessive weight on the guidelines sentencing range. Notably, while courts may not exclusively rely on the guideline range, district courts "*must consult those Guidelines* and take them into account when sentencing." *Booker*, 543 U.S. at 264 (emphasis added). As explained by this circuit, "*Booker* requires an acknowledgment of the defendant's applicable Guidelines range as well as a discussion of the reasonableness of a variation from that range." *Jackson*, 408 F.3d at 305.

In this case, the district court only began its discussion with the guidelines range stating, "*the first thing* I have to do is look at the sentencing guidelines." JA at 31; *see United States v. Willis*, 2006 WL 1043937, 2 (6th Cir. 2006) (where district court first considered the advisory range as the "the starting point," and then went on to discuss the relevant § 3553(a) factors, this court found the sentence reasonable). Yet, the district court then recognized its ability to deviate from that advisory range, stating:

> The Court has often said I don't always agree with the sentencing guideline, and the Sentencing Reform Act. The Supreme Court has given me a lot of latitude -- not a lot but some latitude under the two recent cases. . . The Court believes that the Court should use the Sentencing Guidelines in this particular matter. This is a heartland of America kind of case in this particular charge. I think all cases are unique. This one is unique because I think it is exactly what sentencing guidelines were intended to deal with. The Court believes the sentencing guidelines should be followed in this particular case. As I say, I don't always feel that way, probably more times than I not than I do. But I think this is the kind of case it was intended for.

JA at 32. Clearly, the district court did not "simply select" what it deemed "an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). The court recognized its ability to deviate from the guidelines and noted that it sometimes does disagree and depart from those guidelines; but, ultimately, the court found that this was the type of case

where the advisory guideline range was particularly apt.  The district court's discussion of the guideline range does not suggest it gave them too much weight, but rather, indicates the court carefully thought about the appropriateness of the advisory range.  JA at 31.  Thus, we find that the district court did not place excessive weight on the guidelines range.

## II.

Haworth also argues that his sentence is unreasonable because the district court failed to consider all the relevant § 3553 factors. On appeal, Haworth does not dispute that his advisory guideline range was properly calculated.  In *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), this court held that sentences properly calculated under the advisory Guidelines are credited with a "rebuttable presumption of reasonableness".[2]   Consequently, Haworth's sentence is presumptively reasonable.   The burden on is on Haworth to establish that his sentence is unreasonable.  *Id.*

Yet, "[t]his rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006).  This court has held that a sentence may be unreasonable where a district judge fails to "consider" the applicable guidelines range or other relevant factors listed in 18 U.S.C. §  3553(a) "and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Webb*, 403 F.3d at 383.  Districts courts must "calculate the Guideline range as they would have done prior to *Booker,* but then sentence

_____

[2] In his brief, filed prior to this court's decision in *Williams*, Haworth contends that this court in *Webb,* "rejected the presumptive reasonableness of a guideline sentence." Br. at 12.  Obviously, in light of *Williams* this contention is without merit.

5

defendants by taking into account all of the relevant factors of 18 U.S.C. § 3553, as well as the Guidelines range." *United States v. Stone*, 432 F.3d 651, 655 (6ᵗʰ Cir. 2005).

Notably, a district court need not explicitly reference each of the § 3553(a) factors in its sentencing determination. *See McBride,* 434 F.3d at 475 n. 3; *United States v. Kirby*, 418 F.3d 621, 626 (6ᵗʰ Cir. 2005) (a court "need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review"); *United States v. Williams,* 436 F.3d 706, 708 (6th Cir.2006) (finding that while the sentencing judge must consider the list of sentencing factors articulated in § 3553(a), "[s]uch consideration ... need not be evidenced explicitly."). Yet even though a district court "need not recite these factors," it "must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *Williams*, 436 F.3d at 709 (quoting *Kirby,* 418 F.3d at 626).

At the hearing the district court discussed the need for the defendant's sentence to "reflect the seriousness of the offense" and to "provide for just punishment". § 3553(a)(2)(A). The court stated that, "[t]his is a heartland of America kind of case in this particular charge" and that while he did not always agree with the guidelines sentencing range he felt "this [case] is unique because I think it is exactly what the sentencing guidelines were intended to deal with." JA at 31. The court later went on to find that punishment was "an important consideration" in this type of case. JA at 32.

The district court also considered "the history and characteristics of the defendant." § 3553(a)(1). The court recognized Haworth's past military service but found that the the need for deterrence outweighed this consideration stating, "[Haworth's] military service is very important to him, to his country. However, the sentencing guidelines were designed for lots of other reasons

6

and some of them were a deterrent factor." JA at 32. The district court then went on to note the importance that Haworth's sentence "afford adequate deterrence." JA at 32; § 3553(a)(2)(B). The court addressed Haworth's "commitments" (that he committed to giving up alcohol and to using the internet), but found that punishment and deterrence were both "important considerations," and that, "[Haworth] is very strong in terms of his commitments, I'm sure, but I think he also needs some help in relation to that commitment." JA at 32.

Finally, the court also discussed the need to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(D). The court stated that rehabilitation and was an "important consideration" and went on to order mandatory drug testing, participation in a mental health program while on supervised release for a period of two years, and, if necessary, participation in a substance abuse program. JA at 32.

We find a review of the sentencing hearing transcript reveals that the district court did consider the § 3553(a) factors and did explain its reasoning for sentencing Haworth within the advisory Guidelines range.

### III.

Haworth further argues there are several mitigating factors the district court failed to take into account and, as a result, his sentence is unreasonably longer than necessary to achieve the various goals of sentencing in § 3553(a)(2). Specifically, Haworth argues the court failed to give proper weight to: his unblemished criminal history, his previous full-time employment, his service in the military, and his unsupported allegation that he had prohibited himself from further access to the internet and was "otherwise completely rehabilitated".

7

We find the district court did consider the factors Haworth advanced; it simply chose not to rely on them. With respect to his criminal history, this is taken into account by the guidelines. As to his employment history, his military service, and his alleged rehabilitation, again, as discussed, the court referenced these factors, however, the court went on to find that other § 3553(a) considerations, such as rehabilitation, deterrence and punishment justified the recommended guideline sentence of forty-one months' imprisonment.

Finally, Haworth also claims that he should have been sentenced less severely under *United States v. Farrelly*, 398 F.l3d 649 (6th Cir. 2004) as he was an "end user" rather than a distributor of child pornography. *Id.* at 657 ("the obvious intent of the Guidelines however is to punish less severely for possession than for trafficking"). Notably, this portion of the *Farrelly* opinion has since been mooted due to a change in the guidelines:

> In the November 2004 version of the Guidelines, the Sentencing Commission deleted U.S.S.G. § 2G2.4 and determined that all people who are convicted of either possessing or transmitting child pornography should be sentenced under U.S.S.G. § 2G2.2. This change makes the portion of *Farrelly* that deals with U.S.S.G. § 2G2.4 moot for future child pornography sentences.

*United States v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005). Haworth also cited to *Farrelly* at the district court level, however, he did so to request that his base offense level be calculated differently.[3] The Presentence Report recommended that Haworth be sentenced under Section 2G2.2 (Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting,

---

[3]In a letter from Appellant's counsel to the probation officer, Appellant's counsel wrote "In *United States v. Farrelly*, 398 F.3d 649 (6th Cir.2004), the Sixth Circuit held that "'[t]he obvious intent of the Guidelines...is to punish less severely for possession than for trafficking.' Thus, 'end-users' such as Mr. Haworth, who are not 'traffickers' should receive the lower guideline." JA at 53.

Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possession Material Involving the Sexual Exploitation of a Minor with Intent to Traffic). Haworth objected to this finding arguing that under *Farrelly* Section 2G2.4, with a lower base offense level of 15 (Possession of Materials Depicting a Minor Engaged in Sexually Explicit Conduct), should apply. The district court rejected this argument.

On appeal, Haworth does not dispute that his advisory guideline range was properly calculated. Yet, he again points to the *Farelly* decision, this time arguing that because he was an "end-user" rather than a distributor, his sentence is unreasonable. Presumably, Haworth is claiming that the court should have considered the fact that he was an "end-user" under the "seriousness of the offense" (§ 3553(a)(2)(A)), although he did not specifically argue this on appeal, nor in the court below.

Yet, even though Haworth did not frame this issue in this same manner below, the district court did consider it. The court rejected Haworth's argument at the sentencing hearing, reasoning that it was already applying the 2000 Guidelines, the guideline range, "most advantageous to the defendant". JA at 26. Under the 2000 Guidelines the base offense level for a violation of 18 U.S.C. § 2252(A)(1) is 17 (U.S.S.G. § 2G2.2). Under the 2004 Guidelines, the base offense level for the same violation is now 18 (U.S.S.G. § 2G2.2). Thus, especially given the way in which this argument was originally raised (an objection to the offense level), we find the district court did consider this argument, but found it already took it into consideration by sentencing Haworth under the more advantageous 2000 guidelines manual.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

9