NOT FOR PUBLICATION
File Name: 06a0676n.06
Filed: September 7, 2006

NO. 05-5929

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

ON APPEAL FROM THE
v.                           UNITED STATES DISTRICT
COURT FOR THE WESTERN
LARRY PAUL BERGOLD, JR.,      DISTRICT OF TENNESSEE

      Defendant-Appellant.

_____/

BEFORE: SUHRHEINRICH, GILMAN, and ROGERS; Circuit Judges.

**SUHRHEINRICH, Circuit Judge.** Following a guilty plea, Defendant Larry Paul Bergold, Jr., appeals from the judgment of conviction and sentence in this criminal appeal involving a conspiracy to distribute methamphetamine. Bergold makes two *Booker*[1] challenges on appeal. First, he challenges the district court's relevant conduct determination as a violation of his Sixth Amendment rights. Second, he contends that the sentence imposed was unreasonable because the district court considered only the Sentencing Guidelines and did not address the other factors listed in 18 U.S.C. § 3553(a). For the reasons to follow, we AFFIRM.

**I. Background**

On May 14, 2004, Agent Ken Rhodes of the Tennessee Bureau of Investigation, along with a confidential informant, negotiated to purchase from Bergold two ounces of methamphetamine.

_____

[1]*United States v. Booker*, 543 U.S. 220 (2005).

Rhodes and the confidential informant gave Bergold an $1,800 deposit, and agreed to pay an additional $600. Bergold said that he had to travel out-of-state to get the drugs. On May 18, 2004, Bergold delivered a package of cigarettes that contained 51.7 grams (slightly less than two ounces) of methamphetamine.

Around July 15, 2004, Rhodes received a tip that Bergold would be traveling by plane and transporting methamphetamine. A search revealed that Bergold was carrying marijuana cigarettes. He was arrested on a charge of simple possession of marijuana, and transported to the Madison County Criminal Justice Center. Upon being told by agents that he was likely facing federal charges for the sale of 51.7 grams of methamphetamine on May 18, 2004, Bergold told the officers that he wished to cooperate and gave a voluntary statement, which was recorded in writing and signed by Bergold and the case agents. In that statement, Bergold admitted that he had made two trips to Arizona to purchase "Ice." On the first trip, which took place just prior to May 14, 2004, Bergold bought approximately three ounces of "Ice." On the second trip, just prior to May 18, 2004, Bergold picked up five ounces of the drug.

On September 23, 2004, Bergold was charged in a two-count indictment with conspiracy to possess with intent to distribute approximately 51.7 grams of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846; and aiding and abetting the distribution of 51.7 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On February 22, 2005, Bergold entered a plea of guilty to both counts of the indictment without a written plea agreement. Bergold pleaded to the indictment as charged. During the plea colloquy, the government explained the factual bases for the charges, and also referenced facts

contained in Bergold's statements. Bergold stated that he would agree only to the facts as alleged in the indictment, namely the 51.7 grams of methamphetamine delivered to Rhodes.

The presentence report (PSR) set Bergold's base offense level at 28, pursuant to U.S.S.G. § 2D1.1(c)(6).[2] This base offense level was calculated based on Defendant's statement that he had purchased at least eight ounces of methamphetamine during the time frame charged in the conspiracy.[3] The eight ounces of methamphetamine (mixture) attributed to Bergold is the equivalent of 226.8 grams (8 oz. x 28.35 g/oz. = 226.8 g).[4] Section 2D1.1(c)(6) provides for a base offense level of 28 when there is at least 200 grams, but less than 350 grams, of methamphetamine. Bergold received a three-point reduction for acceptance of responsibility, making his total offense level 25. Bergold's Criminal History Category was calculated as a IV, resulting in a recommended guideline sentence range of 84 to 105 months. Without the enhancement, his base offense level would have been 26, the base offense level for amounts between 50 and 200 grams of methamphetamine. U.S.S.G. § 2D.1.1(c)(7).

On May 10, 2005, Bergold filed objections to the presentence report. Bergold objected to the use of the eight ounces of methamphetamine derived from his voluntary statement as a basis for

---

[2]The base level of 28 was calculated pursuant to the drug equivalency table located in the 2004 Sentencing Guidelines Manual as part of the commentary to § 2D1.1.

[3]Bergold claims that without the improper reliance on his statement, his base offense level would have been 26, based on the conduct in the indictment.

[4]The presentence report indicates that the base offense level was determined by treating the entire amount of controlled substance attributed to Bergold as methamphetamine (mixture), rather than "Ice" because the 51.7 grams obtained in the undercover buy on May 17, 2004, was proven to contain methamphetamine, but was never tested for level of purity.

enhancing his sentence.[5]  He contended that under *United States v. Booker*, 543 U.S. 220, 244 (2005), which had issued on January 12, 2005, the district court was not entitled to rely on these facts in imposing sentence because they were not established by a guilty plea, or proven beyond a reasonable doubt.  Bergold did not otherwise object to the enhancement.

At the sentencing hearing, conducted on May 20, 2005, the government moved, without objection from Bergold, to admit a copy of the statement Bergold made to law enforcement officers as an admission against interest.  The district court ruled that the admission constituted relevant conduct, stating:

> In this case, it's my judgment that the statement of the defendant in this case is a sufficient admission that he picked up 8 ounces of ice, 3 ounces one occasion and 5 ounces on the other.  The probation officer has, therefore, correctly calculated the relevant conduct in this case.  And I am specifically ruling that the defendant's admission in this case is sufficient to comply with Justice Stevens' opinion in *Booker*.  It is an admission of the defendant found by the court.
>
> Alternatively, if it is not a sufficient admission under Justice Stevens' opinion in *Booker*, the court finds by a preponderance of the evidence that the defendant has, in fact, distributed 8 grams–I'm sorry, 9 ounces of ice, picked up and delivered 8 ounces of ice.  So I make that factual finding by a preponderance of the evidence.

The district court found that the PSR "correctly calculated the advisory guideline range," which the court could "use in an advisory fashion."  The court stated that Bergold's criminal history placed him at the bottom of Criminal History Category IV, which would justify a sentence at the lower end of that range.  The court further noted that the amount of methamphetamine attributed to Bergold also justified a sentence at the lower end of the Sentencing Guidelines range.  Thus, the court concluded: "It's my judgment that the guidelines are appropriate in this case and, given those two factors, that a sentence at the bottom of your guideline range is the appropriate sentence."  The

---

[5]Bergold's other two objections have no bearing on this appeal.

-4-

district court imposed a sentence of 84 months. The court imposed a four-year term of supervised release, during which time Bergold was to participate in testing and treatment for substance abuse. The court then asked counsel if he had any other objections. Bergold's counsel did not.

On appeal, Bergold challenges two aspects of his sentence. First, Bergold contends that the district court violated his Sixth Amendment rights by relying on Bergold's statements as relevant conduct. He also argues that the sentence imposed was unreasonable.

## II. Analysis

### A. Relevant Conduct

Bergold argues that the district court's use of his statement to determine relevant conduct violated *Booker*'s admonition that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. Thus, Bergold contends that the district court exceeded its authority when it found more relevant conduct than listed in the indictment.

This Court reviews constitutional challenges de novo. *United States v. Barton*, 455 F.3d 649, 652 (6th Cir. 2006).

This argument is without merit. As this Court recently explained:

> [The defendant's] brief relies upon the legal misconception that *Booker* held that judge-found fact can never be employed during the sentencing process. Such a reading of *Booker* is erroneous. Instead, *Booker* held that facts not admitted by the defendant or proven to a jury beyond a reasonable doubt may not be used only where such a fact is employed to raise a defendant's sentence above the maximum sentence prescribed by the applicable statutory provision. Nonetheless, judge-found fact may be employed to raise or lower a sentence provided that sentence remains within the range prescribed by the relevant statute. Under *Booker*, such a use of judge-found fact does not violate the Sixth Amendment.

*United States v. Vonner*, 452 F.3d 560, 564 (6th Cir. 2006) (holding that the district court employed judge-found fact consistent with the Sixth Amendment in considering evidence of the defendant's uncharged criminal conduct to determine the appropriate advisory guideline range); *see also United States v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005) (stating that although *Booker* made the Guidelines advisory, "*Booker* did not eliminate judicial fact-finding in sentencing in cases where a defendant plead [sic] guilty. Instead, it merely gave district courts the option to sentence a defendant differently than the Guidelines would require after calculating the Guideline range" (citing *Booker* at 543 U.S. at 259, 267)); *Booker*, 543 U.S. at 267 (rejecting the defendant's suggestion that the Court excise those provisions of the Sentencing Guidelines that require judicial fact-finding).

District courts are still required to impose a reasonable sentence that takes into account the sentencing factors set forth at 18 U.S.C. § 3553(a), as well as the Sentencing Guidelines. *Booker*, 543 U.S. at 260-64; *United States v. Settle*, 414 F.3d 629, 632 (6th Cir. 2005); *see also United States v. Worley*, 453 F.3d 706, 708 (6th Cir. 2006) (stating that "the district court's responsibility under *Booker* is to calculate the presumptive sentencing range under the guidelines and determine, applying the sentencing factors set out in 18 U.S.C. § 3553(a), whether the appropriate sentence lies within that range or outside it"). This includes a determination of the defendant's base offense attributable to his offense conduct and all relevant conduct as defined under section 1B1.3(a) of the Sentencing Guidelines. *Settle*, 414 F.3d at 632. Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction." U.S. Sentencing Guidelines Manual § 1B1.(3)(a)(1); *Settle*, 414 F.3d at 632.

Here, the district court properly considered Bergold's statement as part of the relevant conduct determination. Trial courts have wide discretion in considering evidence submitted at sentencing. *See United States v. Silverman*, 976 F.2d 1502, 1508 (6th Cir. 1992) (en banc). Furthermore, the Federal Rules of Evidence do not apply in the sentencing context. Fed. R. Evid. 1101(d)(3). Rather, the evidence must bear some minimal indicia of reliability. *Silverman*, 976 F.2d at 1513. Bergold's written statement bears sufficient indicia of reliability as a party admission under Fed. R. Evid. 801(d)(2)(A). *See United States v. Payne*, 437 F.3d 540, 547 (6th Cir.), *cert. denied*, 126 S. Ct. 2909 (2006); *United States v. Gibson*, 409 F.3d 325, 337 (6th Cir. 2005). The district court found by a preponderance of the evidence that Bergold picked up eight ounces of Ice, an eminently, and substantively, reasonable conclusion given the source of the information. *See United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006) (holding that post-*Booker* fact-findings may be based on a preponderance of the evidence as long as district court understands that Guidelines are advisory); *see also United States v. Barton*, 455 F.3d at 658 (noting that *Booker* did not eliminate judicial fact-finding, and that use of the preponderance of the evidence standard for calculating enhancements under the advisory Guidelines is proper).

Furthermore, Bergold did not object to the factual validity of any provisions of the presentence report, and he did not present any proof. This Court has held, both pre- and post-*Booker*, that a defendant's failure to challenge the drug quantity findings contained in the presentence report operates as an admission to the drug types and quantities contained in the report, and provides the requisite factual basis for enhancement of a defendant's sentence. *See United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001) (pre-*Booker*); *United States v. Roper*, 266 F.3d 526, 531-32 (6th Cir. 2001) (pre-*Booker* holding that the defendant's statement that he had no objections

to the presentence report was an express admission of the amount and type of drugs attributed to the defendant in the report); *United States v. Harris*, 132 F. App'x 46, 49 (6th Cir. 2005) (unpublished) (post-*Booker*; same); *see also United States v. Adkins*, 429 F.3d 631, 632-33 (6th Cir. 2005) (holding that where a defendant explicitly declines to object to a fact contained in the presentence report, the defendant has admitted that fact); *cf. Williams*, 411 F.3d at 678 (holding that the defendant's guilty plea and his acceptance of the findings in the presentence report eliminates any concerns over judicial fact-finding regarding the enhancement).

Rather, Bergold merely argued that he would not agree to the drug amount presented in his statement, and asserted that the amount expressed in the statement was "unverifiable."[6] Although the government is required to establish the enhancement factor by a preponderance of the evidence upon a defendant's objection, *see United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003), a defendant cannot show that a presentence report is inaccurate by simply denying its truth. *United States v. Lang*, 333 F.3d 678, 681-82 (6th Cir. 2003). Here, as in *Lang*, Bergold's objection was nothing more than an unsupported assertion that the amount of drugs was not verifiable. *Cf. Lang*, 333 F.3d at 682 (noting that the defendant presented nothing more than her attorney's unsupported letter contesting a material fact in the presentence report and denying the applicability of abuse of trust enhancement, § 3B1.3). Under these circumstances, the court did not err in making a finding based on the written statement and the presentence report. *Id.*

---

[6]Defense counsel stated:

> I would disagree with [the AUSA]. This is a written statement. It's not sworn to. The circumstances surrounding the facts in giving this statement are not before this court. We don't know what incentives were given to Mr. Bergold.
>
> And, more importantly, we don't know that the weights listed in the report are accurate.

## B. Reasonableness

Bergold also argues that the sentence the district court imposed was unreasonable because the court looked only at the guidelines and failed to consider all the factors listed in 18 U.S.C. § 3553(a). He therefore asks us to vacate his sentence and remand for resentencing.

Post-*Booker* this Court reviews a district court's sentencing order for reasonableness. *United States v. Yopp,* 453 F.3d 770, 773-73 (6th Cir. 2006); *United Worley*, 453 F.2d at 708; *United States v. Williams*, 436 F.3d 706, 707 (6th Cir. 2006), *petition for cert. filed* (July 11, 2006) (No. 06-5275). A sentence within the advisory Guidelines range is presumed reasonable. *Williams*, 436 F.3d at 708. However, "[t]his rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). Although we have "never required the ritual incantation of the factors to affirm a sentence," *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005), the district court "must articulate its reasoning sufficiently to permit reasonable appellate review, specifying its reasons for selecting the specific sentence within that range." *Richardson*, 437 F.3d at 554 (internal quotation marks, alteration, and citation omitted).

Here, consistent with the requirements of *Richardson*, the district court explicitly considered Bergold's arguments and explained the bases for rejecting them. In calculating Bergold's Guidelines range, the district court expressly noted that Bergold's criminal history placed him at the bottom of criminal history category IV, which would justify a sentence at the lower end of the range, and that the amount of methamphetamine attributed to him was at the lower end of the weight classification, also justifying a sentence at the lower end of the Sentencing Guidelines range. Because the district court sentenced Bergold within the Guidelines range, the sentence is presumptively reasonable. *See*

*Williams*, 436 F.3d at 708. Implicit in this conclusion is consideration of the nature and circumstances of the offense and the history of the defendant (18 U.S.C. § 3553(a)(1)), as well as the seriousness of the offense (18 U.S.C. § 3553(a)(2)(A)), and the need to afford adequate deterrence (18 U.S.C. § 3553(a)(2)(B)). *See United States v. Buchanan*, 449 F.3d 731, 735 (6th Cir. 2006) (per curiam) (Sutton, J., concurring) (stating that the presumption of reasonableness for sentences within guidelines makes sense because "the guidelines remain the one § 3553(a) factor that accounts for all § 3553(a) factors").

Although he raised no objections in the district court, on appeal Bergold claims that the district court did not address information in the presentence report regarding his education (Eleventh Grade, GED), vocational abilities (in most areas of home construction and repair), and substance abuse (a long history of alcohol and drug abuse), thereby necessitating a remand. This argument is without merit. Bergold's personal history was before the court in the presentence report, which the district court relied on in its sentencing determination. *See United States v. Caswell*, – F.3d –, No. 04-2280, 2006 WL 2243017, at *4 (6th Cir. Aug. 7, 2006). This is clearly demonstrated by the fact that the court explicitly considered the factor of greatest concern, namely Bergold's substance abuse problem, by requiring Bergold upon supervised release to participate in a program of testing and treatment for substance abuse (18 U.S.C. § 3553(a)(2)(D)). Furthermore, neither Bergold's vocational abilities nor education is so remarkable that the court's failure to explicitly mention them means that it did not consider them. Thus, the sentencing transcript reflects that although the district court did not explicitly mention the 18 U.S.C. § 3553(a) factors, it sufficiently considered the § 3553(a) factors, including the nature of the offense and Bergold's history and characteristics. In

addition, Bergold offers nothing to rebut the presumption of reasonableness. We therefore have no basis for concluding that the sentence imposed was in any way unreasonable.

### III. Conclusion

For the reasons discussed, the judgment of the district court is **AFFIRMED.**