RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0381p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

v.

Nos. 05-3379/3381

JUSTIN M. DUCKRO,

> *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 03-00063—Thomas M. Rose, District Judge.

Argued: June 7, 2006

Decided and Filed: October 18, 2006

Before: MARTIN, MOORE, and ROGERS, Circuit Judges.

---

## COUNSEL

**ARGUED:** Thomas G. Eagle, THOMAS G. EAGLE CO., L.P.A., Lebanon, Ohio, for Appellant. Robert C. Bartlemay Sr., UNITED STATES ATTORNEY, Dayton, Ohio, for Appellee. **ON BRIEF:** Thomas G. Eagle, THOMAS G. EAGLE CO., L.P.A., Lebanon, Ohio, for Appellant. Robert C. Bartlemay Sr., UNITED STATES ATTORNEY, Dayton, Ohio, for Appellee.

---

## OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. Justin Duckro pled guilty to two counts of a fifteen count indictment, for the theft of firearms (18 U.S.C. § 922(u)) and the use of firearms in connection with a drug transaction (18 U.S.C. § 924(c)). After providing significant assistance to the government in prosecuting several of his accomplices, he was sentenced to a total of sixty-six months imprisonment for both counts. Duckro's sentencing occurred prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 261 (2005). The district court imposed a sentence under the mandatory guidelines system, as well as an alternative sentence in the event the guidelines were held to be advisory. Duckro now raises several challenges to the district court's determination of his sentence. For the reasons discussed below, we reverse Duckro's sentence and remand for resentencing.

1

I.

Duckro's indictment stemmed from his involvement in several burglaries of Ohio firearms dealers, which allegedly involved the theft of 205 guns. Many of the guns were subsequently brought to New York City where they were exchanged for MDMA, the drug commonly known as Ecstasy. The government believed that Duckro and one accomplice were involved in breaking into the stores and stealing the guns, and that Duckro received Ecstasy when it was brought back to Ohio, but that two different individuals shipped the guns to New York and exchanged them for Ecstasy.

Duckro assisted the government in the prosecution of the other defendants, and the U.S. Attorney's office moved for a downward departure based on his cooperation. At the same time, the government sought two Base Offense Level enhancements for "specific offense characteristics." These included a ten-point enhancement for the number of firearms involved in the crimes and a two-point enhancement for the use of stolen firearms. The government also sought two additional criminal history points, one for a prior misdemeanor "drug abuse" conviction, and the other for a conviction for "obstruction of official business," based on giving a false statement to a police officer.

Duckro filed a Sentencing Memorandum objecting to the Pre-Sentence Investigation Report. He argued that the two enhancements of his base level offenses amounted to impermissible double counting, and that he should receive a downward adjustment for having a reduced role in the crimes. He claimed that his prior convictions should not have been considered, as he was not represented by an attorney with regard to his drug abuse conviction, and because the obstruction of official business conviction is excluded by the Sentencing Guidelines. Duckro also objected to the sentencing under *Blakely v. Washington*, 542 U.S. 296 (2004), contending that the district court could not enhance his sentence based on facts that were not part of his guilty plea. At the sentencing hearing the district court overruled all of these objections.

In calculating Duckro's sentence, the district court initially noted that 18 U.S.C. § 924(c) requires a mandatory imprisonment of five years for possessing a weapon in relation to a drug trafficking crime, without regard to the sentencing guidelines. With regard to the second offense — the theft of firearms — the district court began by determining that Duckro's base offense level was twelve, for unlawful possession of firearms. The district court next determined that this offense level was subject to a ten-point enhancement due to the number of firearms involved. The court expressly stated that this determination was based on the report and recommendation of the probation department, which found Duckro had stolen a total of 205 guns. The district court also found that because the guns possessed by Duckro were stolen, he was subject to an additional two-point enhancement. The district court rejected Duckro's request for a reduction of his specific offense level based on his minimal role in the offense, but it did grant a three-point reduction for his acknowledgment of his involvement.

Given these adjustments, Duckro's offense level was determined to be twenty-one. The district court also found, over Duckro's objections, that his criminal history points established a category of two. Based on his offense level of twenty-one and criminal history category of two, the district court determined the range of Duckro's sentence for the theft of firearms offense to be forty-one to fifty-one months under the Sentencing Guidelines.

Next, the district court combined the forty-one to fifty-one month range for the theft of firearms count with the sixty months required for the use of a firearm in connection with drug trafficking count, providing a total range of 101 to 111 months. In considering an appropriate downward adjustment for Duckro's substantial assistance, the district court converted this 101 to 111 month range back to a corresponding offense level and criminal history category under the guidelines. Under this analysis, Duckro's combined offense level was twenty-nine, given his accompanying criminal history of two. Based on Duckro's substantial assistance, the district court

then departed downward from this level to an offense level of twenty-five and a criminal history category of two, which accounted for the sentencing ranges for both crimes after the downward departure. Including the mandatory five-year sentence, the revised offense level led to a range of sixty-three to seventy-eight months. Given this range, Duckro was sentenced to a total of sixty-six months imprisonment — sixty months for the use of a firearm in connection with drug trafficking, as required by statute, and six consecutive months for the theft of firearms offense. The district court stated that "additionally and alternatively to the application of the United States sentencing guidelines [the court] imposed this sentence upon Mr. Duckro as a result of the court's consideration and pursuant to 18 U.S.C. § 3553," and its sentencing determination "includ[ed] consideration of the United States sentencing commission guidelines as advisory only."

## II.

Duckro made a Sixth Amendment objection to the district court's factual findings based on the holding in *Blakely* that his sentence could not be enhanced for a fact to which he neither pled guilty nor was convicted by a jury of having committed. Where a defendant raises a *Blakely* objection to his sentence in a pre-*Booker* proceeding, this Court reviews the Sixth Amendment challenge for harmless error. *United States v. McBride*, 434 F.3d 470, 473 (6th Cir. 2006).

If a *Booker*/*Blakely* error is determined to be harmless as a result of an identical alternative sentence, *see id.*, this Court then must review a district court's sentencing determination for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005); *McBride*, 434 F.3d at 477. Since the Supreme Court declared the Sentencing Guidelines to be advisory in *Booker*, this Court's reasonableness review focuses on the factors listed in 18 U.S.C. § 3553(a), one of which is the Sentencing Guidelines themselves. *McBride*, 434 F.3d at 476. A sentence calculated within the Guidelines is presumed to be reasonable, although this does not protect it from review if it does not reflect consideration of the factors in section 3553(a). *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006).

## A. Sixth Amendment violation

Duckro asserts a Sixth Amendment violation under *Booker* based on the district court's finding of facts to which he did not plead guilty. Duckro pled guilty to the theft of firearms and the use of a firearm during and in relation to a drug trafficking crime. With regard to the theft of firearms, the district court increased Duckro's offense level by ten points, from twelve to twenty-two, based on the number of guns involved. The district court explicitly stated that it was relying on the report and recommendation of the probation department in determining the number of guns involved. The district court also increased Duckro's offense level two points for the possession of stolen guns.

Duckro's Sixth Amendment argument is based on the Supreme Court's holding in *Booker* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. Duckro claims that the district court's ruling creates three constitutional problems under this rule. First, the district court made a finding with regard to the number of guns stolen by Duckro, and increased his offense level based on the pre-sentence report which claimed 205 guns were stolen. Second, the district court added two additional points to the offense level based on Duckro's possession of stolen guns. Third, Duckro claims that the district court made an additional factual finding with regard to the offense of using a gun in connection with drug trafficking to support the five year minimum sentence for that offense.

All three of Duckro's constitutional arguments are ultimately unavailing. Duckro pled guilty to "use of a firearm during and in relation to a drug trafficking crime," in violation of 18 U.S.C. § 924(c). That statute provides a five-year minimum sentence for a violation of its terms. By pleading guilty to the offense prohibited by the statute, Duckro pled guilty to the facts that would support the five-year minimum sentence. It would in fact appear impossible to plead guilty to violating the statute without subjecting oneself to the five-year minimum sentence.

Similarly, under the Sentencing Guidelines, Duckro was subject to a two-point offense level enhancement for possessing stolen guns. He pled guilty to stealing guns.[1] The offense to which he pled guilty thus encompasses the facts necessary to support both this enhancement and the minimum sentence, and therefore there was no Sixth Amendment violation regarding these facts.

Duckro has a somewhat stronger argument regarding his ten-point offense level enhancement for the number of guns involved in the offense. Nothing in the plea agreement refers to the number of guns stolen or possessed by Duckro or his associates. The district court explicitly stated that it relied on the pre-sentence report in determining how many guns Duckro stole or possessed, even though Duckro objected to the use of the determination of the number of guns referenced in the report. *See United States v. Richmond*, No. 04-6230, 2006 U.S. App. LEXIS 4323 (6th Cir. Feb. 21, 2006) (holding that a defendant's objection to facts in the presentence report on the basis that they went beyond any prior jury verdict or guilty plea is sufficient to prevent those facts from being relied upon in sentencing). This factual finding based on the presentence report would amount to a *Booker* violation under a mandatory guideline system if it were "necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty." *Booker*, 543 U.S. at 244.

In assessing Sixth Amendment violations based on the use of judge-found facts after *Booker*, this Court has looked to two separate sources with regard to what constitutes the maximum sentence authorized by the facts established by a guilty plea. In cases where sentencing occurred prior to the Supreme Court's decision in *Booker*, several of our decisions have found a Sixth Amendment violation where the judge-found facts led to a sentence that was higher than the sentencing guidelines, which were mandatory at the time of the sentencing, would have otherwise allowed. *See United States v. Blood*, 435 F.3d 612, 630-31 (6th Cir. 2006); *United States v. Morgan*, 435 F.3d 660, 665 (6th Cir. 2006); *United States v. Davis*, 397 F.3d 340, 351-52 (6th Cir. 2005). On the other hand, in cases where sentencing occurred post-*Booker*, with the sentencing guidelines applying in only an advisory fashion, the maximum sentence authorized by the facts established through a guilty plea is the "maximum sentence prescribed by the applicable statutory provision." *United States v. Vonner*, 452 F.3d 560, 564 (6th Cir. 2006). This distinction between sentences issued before and after *Booker* follows from the change in the applicability of the guidelines range from mandatory to advisory — although the top of the guideline range was the "maximum authorized" when the guidelines were mandatory before *Booker*, the same cannot be said now that they are merely advisory. Because Duckro was sentenced pre-*Booker*, the district court's reliance on judge-found facts to increase his range under the sentencing guidelines created the potential for a Sixth Amendment violation if the resulting sentence exceeded the Guideline range that would have applied without the use of judge-found facts. *See Blood*, 435 U.S. at 630.[2]

---

[1] In addition to his Sixth Amendment argument, Duckro contends that giving him an enhancement for possession of stolen guns in connection to the underlying offense of possession of stolen guns amounts to impermissible double counting. This argument is addressed separately below.

[2] Because Duckro's resentencing will be after *Booker*, however, the maximum sentence authorized by his guilty plea will be the statutory maximum of ten years under *Vonner*. *See* 18 U.S.C. § 924(i)(1) (providing a maximum sentence of ten years for violations of 18 U.S.C. § 922(u)).

The effect of the district court's factual determination on this issue — and whether it was necessary to support a sentence exceeding the maximum authorized by the then-mandatory guidelines — is complicated by the interplay between the sentences for the two offenses to which Duckro pled guilty. The ten-point enhancement only pertained to the offense of the theft of firearms. It had a profound effect on the sentence the district court initially calculated for that offense on its own. Along with the other enhancements Duckro received, the district court assigned him a base offense level of twenty-one, resulting in a sentence determination of forty-one to fifty-one months for the theft of firearms offense. Without the ten-point enhancement, Duckro would have had an offense level of eleven, and only been subject to ten to sixteen months imprisonment for the theft of firearms offense. Thus when the theft of firearms offense is considered on its own, the ten-point enhancement was quite significant and would create a potential Sixth Amendment problem under a mandatory guidelines system.

Instead of handling the theft of firearms offense on its own, however, the district court combined the sentences for the two offenses before considering Duckro's downward departure for substantial assistance, as discussed above. The resulting sentence after the relevant downward departures was sixty-six months. As this total sentence included sixty months mandated by 18 U.S.C. § 924(c), Duckro only received a six month sentence for the theft of firearms offense. Thus, although the ten-point enhancement played a central part in the district court's analysis, it was not necessary to support a sentence exceeding the maximum authorized by the facts established by Duckro's guilty plea. In fact, the six months for this offense is *less* than the ten to sixteen months that Duckro would have been exposed to *without* the ten-point enhancement were his sentence for the theft of firearms offense considered independently. Therefore, there was no Sixth Amendment violation based on the judicial fact finding that occurred here, even under a mandatory guideline system, because Duckro did not receive "a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict." *Booker*, 543 U.S. at 244.

On remand (which is necessitated by a separate issue, discussed below), the Sixth Amendment analysis under *Booker* will be somewhat different, as resentencing will be conducted post-*Booker*. As mentioned above, in post-*Booker* sentences, the Sentencing Guidelines do not establish the maximum sentence authorized by the facts admitted, as they are now merely advisory. Rather, under *Vonner*, this ceiling is set by the statutory maximum for the particular statute to which the defendant pled guilty. For the theft of firearms charge in this case, the statutory maximum is ten years based on 18 U.S.C. § 924(i)(1). (providing a maximum sentence of ten years for violations of 18 U.S.C. § 922(u)). Thus, the district court can enhance Duckro's sentence based on the number of firearms so long as his final sentence for that offense does not exceed ten years.

**B. Application of Sentencing Guidelines for purposes of reasonableness review**

Duckro's other objections to his sentence all go to the district court's application of specific requirements of the Sentencing Guidelines. Although this Court's review focuses on whether the sentence reasonably accounts for the factors listed in 18 U.S.C. § 3553(a) rather than the district court's application of the Sentencing Guidelines, the application of the Sentencing Guidelines is one of the § 3553(a) factors and remains relevant to the determination of reasonableness. *McBride*, 434 F.3d at 476. We review de novo the application of the now advisory guidelines themselves. *See United States v. Williams*, 411 F.3d 675, 677 (6th Cir. 2005). Even though the Supreme Court declared the guidelines advisory in *Booker*, we are still required to remand for resentencing if the district court misapplies the guidelines. 18 U.S.C. § 3742(f) ("If the court of appeals determines that the sentence was imposed . . . as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate."); *see also United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) ("*Booker* did not affect 18 U.S.C. section 3742(f), which mandates remand of any case in which the sentence 'was imposed as a result of an incorrect application of the sentencing guidelines.'" (internal

citation omitted)).  The district court's application of the Sentencing Guidelines is thus the starting point for our reasonableness review.  *Id*. at 476.

### 1.  Ten-point enhancement for number of firearms

 As discussed above, the district court gave Duckro a ten-point offense level enhancement with regard to the theft of firearms offense for the number of firearms involved in the crime.  In addition to his *Blakely/Booker* objection to this enhancement, Duckro contends that it amounts to double counting, prohibited by the Sentencing Guidelines.  Although Duckro's Sixth Amendment challenge to this enhancement was unavailing, we still review the application of the guidelines for purposes of our section 3553(a) inquiry.  In that regard, the district court did not commit double counting with this enhancement.

Duckro's argument on this point is based on the commentary to section 2K2.4 of the Sentencing Guidelines, which provides that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense."  U.S.S.G. § 2K2.4, cmt. 4.  Duckro's sentence under this guideline was for the offense of the theft of firearms.  His sentence for the use of firearms in drug trafficking was imposed in conjunction with the theft offense, and he claims that it is an underlying offense as provided in this comment, such that the enhancement constitutes prohibited double counting.  He is wrong.

This Court has explained that double counting under this provision occurs where the two offenses in question are in fact for the same criminal act, and an enhancement for one count is applied even though the basis for the enhancement is the same as the basis for the accompanying count.  For example, where a defendant is convicted of transporting stolen firearms as well as being a felon in possession of firearms for the same act of possession, it would be double counting to apply an enhancement for stolen firearms to the felon in possession count.  *See United States v. Sanders*, 162 F.3d 396, 400 (6th Cir. 1998).  Conversely, where a defendant brandishes a gun in a bank robbery and is convicted of the bank robbery, an enhancement for brandishing the gun is appropriate if he is not separately convicted for the use of a gun in a crime of violence, under 18 U.S.C. §924(c).  If he is separately convicted under section 924(c), the enhancement would not be appropriate.  *United States v. Griffis*, 282 F.3d 443, 446-47 (6th Cir. 2002).  The Court's focus is on whether there is a "separation of time . . . or distinction in conduct," between the two offenses in question.  *Sanders*, 162 F.3d at 400.

Here, there clearly is a separation in time and conduct between the two offenses, and the enhancement was not double counting.  The theft of firearms count arose from the burglaries of the firearms dealers in Ohio.  The use of a gun in a drug trafficking crime arose from the subsequent exchange of guns for drugs in New York City.  Not only is one offense not the underlying offense for the other, but moreover, the *number* of firearms is not a basis for either count.  Accordingly, for purposes of calculating an advisory guideline range pursuant to section 3553, this enhancement did not amount to double counting.

### 2.  Two-point enhancement for the use of stolen guns

The district court's two-point enhancement for the use of stolen guns does not pose a constitutional problem because Duckro pled guilty to stealing the guns in question.  However this enhancement does appear to have constituted double counting under the rationale of *Sanders* and *Griffis*.  The district court made clear that it was applying this enhancement only to the theft of firearms offense.  Not only does this Court's precedent dictate that the enhancement for stolen

firearms to a sentence for the theft of firearms would be double counting, but the comment to the Sentencing Guideline explicitly provides:

> [i]f the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i), (j), or (u) . . . (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the adjustment in subsection (b)(4) unless the offense involved a firearm with an altered or obliterated serial number. This is because the base offense level takes into account that the firearm or ammunition was stolen.

U.S.S.G. § 2K2.1, cmt. 9.  This provision is controlling here, as the offense in question was a violation of 18 U.S.C. § 922(u), Duckro's twelve-point base offense level was from subsection (a)(7), and the enhancement was under subsection (b)(4).  Thus the guideline itself explicitly states that the enhancement in question was prohibited double counting.

It is difficult for us to determine how this mistake impacted Duckro's eventual sentence.  On the one hand, given the district court's combination of the sentences for both counts and its downward departure, Duckro's sentence included what amounted to six months for the theft of firearms count, along with sixty months for the use of firearms in a drug trafficking offense.  Because the sixty month sentence is based on a mandatory minimum, only the six months for the theft of firearms was affected by this departure.  Duckro is thus left quibbling with a six month sentence for the offense of stealing guns from three separate firearms dealers.  This is a fairly lenient sentence for his offense under the sentencing guidelines.  Even without any enhancements, Duckro's base offense level was still twelve, which would have corresponded to a sentencing range of twelve to eighteen months.

Nevertheless, where a district court makes a mistake in calculating a guidelines range for purposes of determining a sentence under section 3553(a), we are required to remand for resentencing "unless we are certain that any such error was harmless — i.e. any such error 'did not affect the district court's selection of the sentence imposed.'" *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (citing *Williams v. United States*, 503 U.S. 193, 203 (1992)); *see also* 18 U.S.C. § 3742(f) ("If the court of appeals determines that the sentence was imposed . . . as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate.").  This rule continues to apply after the Supreme Court established in *Booker* that the guidelines are advisory only.  *See United States v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005) (noting that *Booker*'s "remedial majority  did not excise 18 U.S.C. § 3742(f) and (g), and both remain valid law"); *Crawford*, 407 F.3d at 1178.

The record does not compel the conclusion that the error in calculating the guideline range here was harmless, requiring us to remand for resentencing on this basis.  With the ten-point and two-point enhancements, Duckro's combined offense level was 24, before the consideration of any downward departures.  Without the two-point enhancement, this number would have instead been 22.  The district court then subtracted three points for acceptance of responsibility, arriving at 21 (with the two-point enhancement) instead of 19 (without the two-point enhancement).  Next, the district court added the corresponding range for an offense level of 21 (41-51 months) to the sixty months required by section 924(c), reaching a combined offense level with a range of 101-111 months.  Had it instead used the range for an offense level of 19 (33-41 months), the combined offense level range would have been 93-101 months.  Translating this range back into a combined offense level, it presumably would have chosen 28 (87-108 months), as this is the closest corresponding offense level, as opposed to 29, which the district court instead selected.  Had it again departed downward four levels, as it did initially, the district court would have reached a revised combined offense level of 24 instead of 25, which would have corresponded to a range of 57-71

months, as opposed to the range of 63-78 months that it instead selected from (with the caveat that it could not go below the 60 months mandated by the violation of section 924(c)). Because the district court selected from the low end of the 63-78 month range that it believed to be correct, it stands to reason that it might choose an even lower sentence when presented with a 57-71 month range. Thus, the mistake cannot be said to be harmless, and a remand is warranted.

At resentencing, the guideline range will merely be advisory, and the district court could give Duckro the same sentence — or even a higher sentence — should it determine that this would be an appropriate result in applying section 3553(a), including the consideration of the advisory guideline range. Duckro asserts, however, that given the district court's willingness to depart downward in his case, without this erroneous enhancement it would have sentenced him to even less than six months for his theft of firearms, and that we should correct the mistake and remand to make possible such an opportunity. Whatever the merit of Duckro's prediction might be, section 3742 provides him with this opportunity to pursue a lower sentence due to the district court's mistake in calculating the guidelines range.

### 3. The District Court's refusal to adjust Duckro's offense level downward for a reduced role in the offense

Duckro next argues that the district court committed "reversible error" by refusing to adjust his offense level downward for a reduced role in the offense under U.S.S.G. §3B1.2. That guideline provides "a range of adjustments [from two to four points] for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." *Id.* cmt 3. We review refusals to make such an adjustment for clear error. *See United States v. Stone*, 432 F.3d 651, 655 (6th Cir. 2005). The defendant has the burden of proving this reduced role by a preponderance of the evidence. *Id.*

Duckro argues that he was entitled to the adjustment because he lacked a supervisory role in the larger conspiracy of trading guns for Ecstasy, and "received little in return." We have rejected absence from the planning of a conspiracy as the basis for a reduced role. *United States v. Miller*, 56 F.3d 719, 720 (6th Cir. 1995). More significantly, Duckro only argues that he had a reduced role in the offense of using firearms in a drug trafficking offense. The downward adjustment he requested was only available for the sentencing determination for the other offense, the theft of firearms. Duckro's lack of leadership in planning to trade the guns for Ecstasy has little bearing on his role in the burglaries, and he and only one other individual burglarized the three firearms dealers without involvement from the other participants. The district court was correct to reject this adjustment.

### 4. Criminal history point for prior "drug abuse" conviction

The district court added a point to Duckro's criminal history based on a prior guilty plea to a drug abuse offense under Ohio law. Duckro claims that it was an error to assign this point because there is no evidence that he had counsel or waived his right to counsel on this charge. The Supreme Court has directly addressed this issue in the Sentencing Guidelines context, noting that it is "constitutionally permissible to consider a prior uncounseled misdemeanor conviction" in enhancing a defendant's criminal history. *Nichols v. United States*, 511 U.S. 738, 748 (1994). *Nichols* is controlling authority supporting the district court's decision here.

### 5. Criminal history point for prior "obstruction of official business" conviction

The district court also added a point to Duckro's criminal history for a conviction under the Ohio law of "obstruction of official business." Duckro contends that this was inappropriate under U.S.S.G. § 4A1.2(c), which provides that certain offenses, including "[f]alse information to a police officer" are not to be used to calculate criminal history unless they are similar to an instant offense,

the defendant served 30 or more days in jail, or the defendant was given probation of at least one year. Duckro only served ten days in jail for this conviction, and it is not similar to an instant offense. The government contends, however, that "obstruction of official business," is a different offense than "false information to a police officer."

We have held that "district courts considering the issue of similarity under § 4A1.2(c) should consider the similarity between the 'essential characteristics' of the activity underlying the offense of prior conviction and those underlying the listed offense." *United States v. Cole*, 418 F.3d 592, 598 (6th Cir. 2005). The district court should look to the state law defining the defendant's prior conviction and compare it with federal law on the offense specified in §4A1.2(c).[3] *Id.* at 598. Although there is not significant federal precedent on providing false information to a police officer, such an offense appears essentially different than the Ohio law that Duckro pled guilty to violating. The Ohio courts have held that "a deliberate misstatement is not an 'act'" for purposes of the criminal statute in question, and "the making of a false, unsworn statement to a police officer cannot be the basis for a charge of obstructing official business under the statute." *State v. Huron*, 70 Ohio App. 3d 414, 416 (Ohio Ct. App. 1990). Given this higher standard of conduct required for an offense of obstructing official business, it is not essentially the same as providing false information to a police officer. The district court did not err in applying this offense to raise Duckro's criminal history level.

### 6. Failure to make specific findings regarding facts that Duckro objected to in PSR

Duckro claims that the district court erred by failing to make findings of fact with regard to the facts set forth in the pre-sentence report, under Fed. R. Crim. P. 32(i)(3)(b). Specifically, he argues that based on his objections to the pre-sentence report, the district court should have made a factual determination as to the number of firearms involved in his offenses, his reduced role in the crimes committed, and the criminal history points he was given.

Rule 32 requires that when faced with a disputed factual issue in a pre-sentence report, a district court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(b). Duckro objected to the facts in question, arguing that they could not be considered as they were not incorporated into his guilty plea. As discussed in Section II-A above, this objection was rendered irrelevant for Sixth Amendment purposes, given the six months Duckro received for the theft of firearms offense.

Duckro had to do more than challenge the legal significance of the facts in order to require the district court to make factual findings on a disputed issue under Rule 32. He had to produce some evidence of his own to call those facts into question, which he did not do. *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003) ("[A] defendant who challenges factual allegations in the PSR [presentence report] has the burden of producing some evidence beyond a bare denial that calls the reliability or correctness of the alleged facts into question."). Given Duckro's approach at sentencing, the district court's acceptance of the uncontested facts from the pre-sentence report was appropriate. *See* Fed. R. Crim. P. 32(i)(3)(a) (providing that the sentencing court "may accept any undisputed portion of the presentence report as a finding of fact").

---

[3]The parties have not cited, nor has our research revealed, any federal case law or statute that provides a meaningful description of the offense of "false information to a police officer." The government has compared the Ohio law of obstruction of official business with a separate statute for providing false information to a police officer. Given the requirement that we look to federal law, the government's comparison of two Ohio statutes is not particularly relevant, and it makes the most sense to examine the offense based on its facial description in §4A1.2(c).

In sum, the district court incorrectly calculated Duckro's guideline range because the two-point enhancement for the possession of stolen guns amounted to impermissible double counting, even though the determination of the range was otherwise correct. Typically, because the guideline range is only part of this Court's reasonableness review, we would also look to the other factors articulated in section 3553(a). This remaining portion of our review is not necessary here, however, as the incorrect guideline calculation requires us to reverse Duckro's sentence.

## III.

As a general matter, the district court did a commendable job sentencing Duckro in the admittedly confusing time frame after the Supreme Court's decision in *Blakely*, and before its decision in *Booker* and the development of our post-*Booker* jurisprudence. Of Duckro's many assignments of error, however, one has merit and requires resentencing.

A few points merit emphasis for purposes of resentencing. Initially, as discussed above, the district court should calculate the sentencing guidelines range for advisory purposes only, and then calculate Duckro's sentence using the guidelines range as one of the several relevant factors under 18 U.S.C. § 3553(a). Duckro is not subject to a two-point enhancement for the use of stolen guns, as this enhancement amounts to double counting. Further, the district court can make a factual finding of the number of guns involved in the offense, so long as the resulting sentence for the theft of firearms offense is not longer than ten years. *See Williams*, 411 F.3d at 678 ("*Booker* did not eliminate judicial fact-finding in sentencing in cases where a defendant plead [sic] guilty. Instead, it merely gave district courts the option to sentence a defendant differently than the Guidelines would require after calculating the Guideline range."). The case is remanded for resentencing in accordance with these instructions.