NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0034n.06
Filed: January 9, 2007

No. 05-6747

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| JIMMY GENE BRUMLEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE and CLAY, Circuit Judges; BELL, District Judge.[*]

**BELL, District Judge.** Defendant-Appellant Jimmy Brumley entered a plea of guilty to two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and was sentenced as a career offender to 144 months in prison. On appeal, Brumley asserts that his sentence was unreasonable because it was greater than necessary to comply with the sentencing mandates of 18 U.S.C. § 3553 and because it was based upon prior criminal convictions that were neither proved beyond a reasonable doubt

_____

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

nor admitted to by the defendant. For the reasons set forth in this opinion we affirm the sentence imposed by the district court.

## I.

Brumley was on supervised release when he was arrested and indicted on one count of possession with intent to distribute hydromorphone (Dilaudid), a Schedule II controlled substance, and one count of possession with intent to distribute dihydrocodeinone (Vicodin), a Schedule III controlled substance, in violation of 21 U.S.C. § 841(a)(1). Brumley pleaded guilty to both counts of the indictment. The base offense level for these offenses was eight. However, because Brumley had two prior felony controlled substance convictions, he was classified as a career offender, which raised his offense level to thirty-two. *See* U.S.S.G. § 4B1.1. After an adjustment for acceptance of responsibility, his guideline imprisonment range was 151-188 months.

At sentencing Brumley requested the court to fashion a sentence substantially below the guideline range that would take into consideration his drug addiction, the age of his prior drug convictions, his lack of education and his steady work history. Brumley suggested that a sentence of no more than 60 months would be adequate to punish this offense conduct and enable him to address his drug problem. The district court sentenced Brumley to 144 months in prison.

## II.

A district court is required to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of 18 U.S.C. § 3553(a)(2). *United States v.*

*Foreman*, 436 F.3d 638, 640 (6th Cir. 2006). On appeal, we review a sentence for "reasonableness." *United States v. Johnson*, 467 F.3d 559, 563 (6th Cir. 2006) (quoting *United States v. Jones*, 399 F.3d 640, 650 (6th Cir. 2005)). "[T]his Court's reasonableness review focuses on the factors listed in 18 U.S.C. § 3553(a), one of which is the Sentencing Guidelines themselves." *United States v. Duckro*, 466 F.3d 438, 442 (6th Cir. 2006) (citing *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006)). "This reasonableness inquiry has both a procedural and a substantive component, requiring review of both the procedures used and factors considered in determining the sentence and the punishment itself." *United States v. Dexta,* —F.3d — , 2006 WL 3589790, *2 (6th Cir. 2006) (citing *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

Brumley contends that his sentence was substantively unreasonable because of the wide disparity between the guideline range for his offense of conviction and the sentence he received as a career offender. Based upon the quantity of drugs in his possession, the guideline range for the offense of conviction was 12-18 months. As a career offender he faced a guideline range of 151-188 months. Although the district court sentenced Brumley to 144 months, which was below the guideline range, Brumley nevertheless contends that the sentence was unreasonable because it was twelve times the length of the advisory guideline sentence for the offense of conviction.

A sentence that is within the advisory guideline range is entitled to a presumption of reasonableness. *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). Brumley's sentence was not within the guideline range. However, because it was below the guideline range, and

because we are considering a challenge to the sentence by Brumley rather than by the government, his sentence is entitled to the presumption of reasonableness. Thus, although the sentence enhancement for Brumley's career offender status greatly increased his guideline range, a sentence within or below that range was presumptively reasonable.

"This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). "[T]he record must still reflect that the district court considered the relevant sentencing factors provided in section 3553(a)." *Ely*, 468 F.3d at 404 (citing *Foreman*, 436 F.3d at 644). A district court must provide adequate articulation of its reasoning for imposing a particular sentence in order to allow for meaningful appellate review. *Richardson*, 437 F.3d at 553-54. The district court is not required to engage in a ritualistic incantation of the § 3553(a) factors, but its opinion should be "sufficiently detailed to reflect the considerations listed in § 3553(a)." *McBride*, 434 F.3d at 474.

Brumley's sentencing transcript confirms that the district court did not rely solely on the sentencing guidelines in arriving at Brumley's sentence. In addition to the guideline range the district court considered the nature and circumstances of the offense and the history and characteristics of the defendant, including Brumley's history of multiple drug trafficking convictions, the fact that Brumley committed this offense while he was on supervision, and Brumley's urgent need for drug counseling. 18 U.S.C. § 3553(a)(1). The district court discussed the serious nature of the offense for which Brumley was convicted, as evidenced

by the potential harm that distribution causes to others and the high maximum penalty set by Congress. *Id.* at § 3553(a)(2)(A). The district court also discussed Brumley's need for drug counseling, the need to deter others from similar conduct, the need to protect the public, the kinds of sentences available, and the need to avoid unwarranted sentence disparity between Brumley and other career offenders. *Id.* at § 3553(a)(2)(B) & (C), § 3553(a)(3), & § 3553(a)(6).

Brumley concedes that the district court did go through a detailed analysis of each of the factors in § 3553(a) as it related to the defendant, his crime, and his history. (Appellant's Br. at 13-14.) He nevertheless contends that the procedural concerns of reasonableness have not been met because the district court failed to analyze how the term he arrived at would further the objectives of § 3553. (Appellant's Br. at 14). Brumley notes that the district court rejected Brumley's suggestion that a sentence of no more than 60 months would be adequate to punish the offense conduct in this case, but gave no rationale for its imposition of the 144 month sentence in its stead.

We have stated that "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Richardson*, 437 F.3d at 554. This statement requires the district court to address the defendant's arguments regarding factors that warrant a shorter sentence. It does not, however, require the district court to respond to every request for a specific term of incarceration. A defendant's "mere allegation that the sentence imposed is greater than necessary to achieve the goals of

punishment outlined in § 3553(a) is insufficient to rebut the presumption of reasonableness," and the fact that the district court did not give a defendant the more lenient sentence he requested does not justify setting his sentence aside. *Dexta*, 2006 WL 3589790, *3.

In sentencing Brumley, the district court addressed the § 3553(a) factors and explained the need for a long sentence. The district court responded to the sentencing factors Brumley raised, including his criminal history and his serious substance abuse problem. The district court recommended that Brumley be placed in an institution where he could participate in a long-term drug treatment program. The district court recognized that it was not bound by the guideline range and imposed a sentence below the applicable range. The district court's articulation of its reasoning for imposing the particular sentence was adequate to allow for meaningful appellate review. We find that the district court's sentence was both procedurally and substantively reasonable.

## III.

Brumley's second challenge to his sentence is based upon his contention that the district court erred in sentencing him as a career offender because his prior criminal convictions had neither been proven beyond a reasonable doubt nor admitted to by the defendant. Brumley recognizes that this Court has rejected this proposition, but wishes to preserve this assignment of error in the event of a later change in the law from the Supreme Court.

It is well settled in this Circuit that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not require the nature of prior convictions to be determined by a jury. *United States v.*

*Townsend*, — F.3d —, 2006 WL 3311285, \*6 (6th Cir. 2006). *See also United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006) ("[T]he Supreme Court has uniformly excepted 'the fact of a prior conviction' from its general rule that sentence-enhancing facts must be found by a jury and proved beyond a reasonable doubt."); *Richardson*, 437 F.3d at 555 ("[C]ontrolling law, both before and after *Booker*, counsels that a judge can make factual findings about a defendant's prior convictions without implicating the Sixth Amendment."); *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005) ("*Apprendi* does not require the nature or character of prior convictions to be determined by a jury."). We are not in a position to overturn this controlling precedent. *See United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006).

## III.

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.