NOT RECOMMENDED FOR PUBLICATION
No. 17-5742

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 05, 2018
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. )
)
KEONA GORMAN, )
)
    Defendant-Appellant. )

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

OPINION

_____

Before: KEITH, ROGERS, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Keona Gorman pleaded guilty to and was convicted of lying to a grand jury. Facing an advisory guidelines range of 21 to 27 months of imprisonment, she received a below-guidelines sentence of 16 months. She raises two issues on appeal. One: Did the district court err in assessing a criminal-history point for her prior criminal-impersonation conviction? Two: Was her sentence substantively unreasonable? Because the district court properly followed the advisory guidelines in counting Gorman's criminal-history score, and because the district court did nor plainly err or abuse its discretion in imposing Gorman's below-guidelines sentence, we affirm.

**I**

The Sentencing Guidelines instruct sentencing courts to compute a defendant's criminal history by including all felony offenses and some misdemeanors. Certain misdemeanors "and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." USSG § 4A1.2(c)(1). Those certain misdemeanors include giving "[f]alse information to a police officer." *Id.* Under § 4A1.2, then,

the district court should count Gorman's prior criminal-impersonation conviction if it was similar to the offense of giving false information to a police officer and (1) Gorman's "sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days" *or* (2) Gorman's "prior offense was similar to [her] instant offense" of lying to a grand jury. But, there is another way to count Gorman's prior criminal-impersonation offense: if Gorman's prior conviction is *not* similar to any of the § 4A1.2 offenses in the first place, then the guideline does not apply and the district court *should* count the prior offense so long as no other guideline counsels its exclusion.

Gorman's prior misdemeanor criminal-impersonation conviction arose under Tenn. Code Ann. § 39-16-301, which provides in relevant part that

> (a) A person commits criminal impersonation who, with intent to injure or defraud
>     another person:
> (1) Assumes a false identity;
> (2) Pretends to be a representative of some person or organization;
> (3) Pretends to be an officer or employee of the government; or
> (4) Pretends to have a handicap or disability.

Tenn. Code Ann. § 39-16-301 (2009).

In determining whether this offense is similar to giving false information to a police officer, we and the district court are advised to "use a common sense approach," USSG § 4A1.2 cmt. n.12(A), taking into account factors including the elements of the crimes and the seriousness of and punishment for each offense. *Id.*; *see also United States v. Duckro*, 466 F.3d 438, 448 (6th Cir. 2006). Taking such an approach, we can find no fault in the district court's conclusion that criminal impersonation under Tennessee law is not similar to providing false information to an officer. After all, a conviction for criminal impersonation can be sustained when the defendant has neither pretended to be a police officer nor made any representation whatsoever to a police officer. And giving false information to a police officer does not require the defendant to impersonate anyone. *Cf. United States v. Hall*, 71 F.3d 569, 572–73 (6th Cir. 1995). We therefore affirm the district court's holding that Gorman's prior criminal-impersonation conviction is not

excluded from sentencing consideration by § 4A1.2 and should be counted as a prior offense in the calculation of Gorman's criminal-history score.

## II

Gorman next appeals her sentence as substantively unreasonable. We review this challenge under a "deferential abuse-of-discretion standard." *United States v. Yancy*, 725 F.3d 596, 598 (6th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A sentence may be considered substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007). Under 18 U.S.C. § 3553(a), as the district court here recognized, the sentence imposed must, among other things, be "sufficient, but not greater than necessary . . . , to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* Sentencing Hr'g Tr. 47:22–24.

Gorman undoubtedly presents a sympathetic case: among other things, she is a single mother with a dependent baby and no felony background, and the grand-jury proceeding in which she lied was a proceeding against her abusive boyfriend. But the district court recognized those circumstances and the seriousness of Gorman's crime, considered the § 3553(a) factors, and imposed a below-guidelines sentence well within its discretion. Nor does the district court's failure to explain the precise basis for its sentence (that is, why it departed downward by five months but not more than that) make the sentence unreasonable. Gorman's below-guidelines sentence is presumed to be reasonable, and it is Gorman who bears the "demanding" burden of proving that such a sentence "is unreasonably long." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). The district court amply articulated its reasoning to support a sentence of confinement, *see* Sentencing Hr'g Tr. 48–50, and considered the factors weighing in favor of a below-guidelines term, *see id.* 50–56. We cannot say that the district court plainly erred or abused its discretion in sentencing Gorman.

**III**

We therefore **AFFIRM** the district court and dismiss all outstanding motions as moot.